**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TONI L. JAMES,

        Plaintiff,

vs.                                          No. CIV 09-0990 JB/WPL

HARTFORD LIFE AND INSURANCE
COMPANY,

        Defendants.

**STIPULATION AND ORDER**

        **THIS MATTER** comes before the Court on the Motion to Conduct Limited Discovery, filed January 25, 2010 (Doc. 18). The Court held a hearing on March 2, 2010. The primary issue is whether the Court should grant Plaintiff Toni L. James leave to conduct limited discovery of the policies, procedures, and criteria that Defendant Hartford Life and [Accident] Insurance Company ("Hartford") used to determine whether James is disabled. Hartford opposes the motion. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will deny the motion.

        In its response, Hartford argues that its policies, procedures, and criteria are neither part of the administrative record, which Hartford has produced to James, nor relevant to the claim determination at issue in this case. See Hartford's Response to James' Motion to Conduct Limited Discovery at 2, filed February 8, 2010 (Doc. 20)("Response"). Hartford contends that the administrative record shows that Hartford based its decision on the terms of the Group Policy and the evidence in the administrative record, and, therefore, that Hartford did not rely on or consider any internal guidelines in its claim determinations. See Response at 4. In her reply, James contends

that Hartford appeared to have stipulated that they have no internal guidelines that govern the case and that they did not rely on such guidelines. See Reply to Plaintiff's Motion to Conduct Limited Discovery ¶ 2, at 1-2, filed February 23, 2010 (Doc. 23)("Reply"). James also conceded in her reply that limited discovery is not necessary, should Hartford stipulate that it relied on no internal criteria, policy procedures, or regulations in evaluating this claim. See Reply ¶ 6, at 2.

At the hearing, Jack M. Englert, Jr., Hartford's attorney, argued that it seemed that James misunderstood Hartford's response brief, and clarified that Hartford has internal guidelines and procedures, but that Hartford did not rely on those guidelines when making its determination about James' claim. Mr. Englert stated that if there had been a particular guideline upon which Hartford specifically relied, Hartford would have identified that guideline, pursuant to ERISA regulations, and in this case, it did not specifically rely upon such a guideline in making its decision. The Court inquired if Hartford would stipulate that it has internal policies and guidelines, but they were not relied upon in evaluating James' claim. Mr. Englert represented to the Court that such a stipulation is fair. Stephen Lawless, James' attorney, represented to the Court that such a stipulation would eliminate James' need for additional limited discovery. Because the parties stipulated that Hartford has internal criteria, policy procedures, guidelines, and regulations, but that Hartford did not rely upon those internal criteria, policy procedures, guidelines, and regulations in evaluating James' claim, the Court will recognize the stipulation and deny the motion for limited discovery.

**IT IS ORDERED** that the Motion to Conduct Limited Discovery is denied. The parties stipulate that Hartford has internal criteria, policy procedures, guidelines, and regulations, but that Hartford did not rely upon those internal criteria, policy procedures, guidelines, and regulations in evaluating James' claim.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel:*

Stephen F. Lawless
Grisham & Lawless, P.A.
Albuquerque, New Mexico

       *Attorneys for Plaintiff*

Jack M. Englert, Jr.
Holland & Hart, LLP
Greenwood Village, Colorado

-- and --

Kristina Martinez
Holland & Hart, LLP
Santa Fe, New Mexico

       *Attorneys for Defendant*